United States District Court
Southern District of Texas
**ENTERED**
August 14, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEBERAUX MOTLEY, TDCJ #00561396, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-259 |
| | § | |
| BRYAN COLLIER, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deberaux Motley (TDCJ #00561396), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an amended complaint (Dkt. 1 and Dkt. 7). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for the reasons that follow.

### I. BACKGROUND

Motley's civil rights complaint seeks injunctive relief on the basis that his parole was improperly revoked (Dkt. 1 at p. 4). He does not allege, and a search of publicly available records does not show, that he ever filed a petition for a writ of habeas corpus challenging the parole revocation in either state or federal court.

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party, like Motley, proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Motley proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. THE *HECK* RULE

Motley seeks injunctive relief under 42 U.S.C. § 1983 for his allegedly unlawful parole revocation. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

The *Heck* rule applies to claims like Motley's, which means that Motley must show that the revocation of his parole has been invalidated by a state or federal court. *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); *Waller v. Collier*, 297 Fed. App'x 326, 327 (5th Cir. 2008). Motley does not allege or show that the revocation of his parole has been invalidated or otherwise set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254. Absent a showing that the parole revocation has been invalidated or set aside, the rule in *Heck* precludes Motley's claims for injunctive relief. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998).

## IV. ABSOLUTE IMMUNITY

Even if a complaint is barred by *Heck*, it remains appropriate for the district court to consider the possible applicability of the doctrine of absolute immunity. *McGrew*, 47 F.3d at 161; *Waller*, 297 Fed. App'x at 327. Parole board members and hearing officers who personally participate in the "quasi-judicial" activity of revoking parole are absolutely immune from suit, as is the Texas Board of Pardons and Paroles itself. *McGrew*, 47 F.3d at 161; *Hunter v. Rodriguez*, 73 Fed. App'x 768, 769–70 (5th Cir. 2003). Here, Motley has sued Bryan Collier, the Executive Director of TDCJ, but has not alleged that Collier personally participated in the decision to revoke his parole; instead, Motley complains that the rules applicable to his parole revocation are "ambiguous/vague" (Dkt. 1 at p. 8). Therefore, absolute immunity does not seem to bar Motley's claims, though Collier may be entitled to qualified immunity. *Id.* In addition,

Motley only seeks injunctive relief, so his claims will be dismissed without prejudice.[1]

*Id.*; *see also Clarke*, 154 F.3d at 191.

## V.     **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. Motley's complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. As noted in the opinion, the dismissal is without prejudice.

2. All pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is also directed to provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas on August 14, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to construe Motley's claims as habeas claims. As previously noted, Motley does not allege, and a search of publicly available records does not show, that Motley has exhausted his state-court remedies.