UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DEBERAUX MOTLEY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:16-CV-259 |
| § | |
| BRYAN COLLIER, § | |
| § | |
| Defendant. § | |

## **ORDER**

Pending is a "motion for objection" filed by the plaintiff, which the Court construes as a motion to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e) (Dkt. 14). For the reasons given below, the motion is **DENIED**.

Plaintiff Deberaux Motley (TDCJ #00561396), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an amended complaint (Dkt. 1 and Dkt. 7). Motley seeks his release from prison on the basis that his parole was improperly revoked (Dkt. 1 at p. 4). He does not allege, and a search of publicly available records does not show, that he ever filed a petition for a writ of habeas corpus challenging the parole revocation in either state or federal court. The Court dismissed the complaint as frivolous and for failure to state a claim (Dkt. 9). Motley then filed this Rule 59(e) motion.

Generally, "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v.*

*HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quotation marks and brackets omitted). However, a Rule 59(e) motion challenging a judgment entered on the pleadings should typically be analyzed under the standard applicable to motions for leave to amend brought under Federal Rule of Civil Procedure 15(a). *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003). Under that standard, leave should be freely given, but it may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment . . . ." *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (brackets in *Rosenzweig*). Where the pleadings, viewed under the individual circumstances of the case, "demonstrate that the plaintiff has pleaded his best case[,]" dismissal on the pleadings is appropriate if the pleadings do not adequately state a cause of action. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a court may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (quotation marks omitted).

Motley's Rule 59(e) motion does not present any new allegations or evidence. As the Court explained in its order dismissing his complaint, Motley's claims are barred by the rule discussed by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The *Heck* bar applies to allegations of improper parole revocation brought under 42 U.S.C. § 1983. *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); *Waller v. Collier*, 297 Fed. App'x 326, 327 (5th Cir. 2008). The

*Heck* bar also applies to Motley's claims under the Americans with Disabilities Act ("ADA"); Motley, who only seeks his immediate release from prison, is plainly attempting to invalidate his parole revocation through a civil tort action under the ADA, and allowing him to do so would run afoul of *Heck*. *See Hughes v. Prator*, Civil Action No. 17-0711, 2017 WL 6030047, at *3 (W.D. La. Oct. 27, 2017), *adopted*, 2017 WL 6029634 (W.D. La. Dec. 5, 2017) (discussing applicability of the *Heck* bar to ADA claims and citing cases applying the *Heck* bar to ADA claims).

Motley's Rule 59(e) motion (Dkt. 14) is **DENIED**.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 19th day of January, 2018.

_____
George C. Hanks Jr.
United States District Judge